```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Michael Giles**

    **v.**                                    Case No. 17-cv-659-PB
                                                Opinion No. 2020 DNH 025

**Andrew Saul, Commissioner,**
**U.S. Social Security Administration**[1]

## MEMORANDUM AND ORDER

Attorney D. Lance Tillinghast seeks $38,710.00 in attorney's fees under 42 U.S.C. § 406(b) ("Section 406(b)") for his successful representation of Social Security claimant Michael Giles. Pet. For Auth. of an Att'y Fee, Doc. No. 13. He argues that a fee agreement he executed with Giles in September 2015 entitles him to Section 406(b) fees, and that he would be entitled to attorney's fees even absent any fee agreement. Social Security Administration ("SSA") Commissioner Andrew Saul responded, Doc. No. 14, noting for my consideration that (1) Tillinghast's fee agreement appeared similar to an agreement that I had, in another case, found to provide no basis for

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he automatically replaces the nominal defendant, Nancy A. Berryhill, who had been Acting Commissioner of Social Security.

awarding fees under Section 406(b); and (2) Tillinghast's reported hours and rates differed substantially from the hours and rates he had reported previously to SSA when seeking payment under the Equal Access to Justice Act ("EAJA"). I ordered Tillinghast to file a reply to the Commissioner's response, which he did. Doc. No. 15. Having reviewed the parties' filings, I find that Tillinghast's fee agreement does not authorize him to receive a fee award under Section 406(b), but, nonetheless apply the principles of Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) to award Tillinghast $13,280 in fees.

## I. BACKGROUND

### A. Procedural History

Giles first applied for disability benefits in 2012. Joint Statement of Material Facts, Doc. No. 9 at 1. After an initial denial, he requested a hearing before an Administrative Law Judge ("ALJ"). Doc. No. 9 at 1. Giles hired Tillinghast to represent him with his claim, and on September 21, 2015, they entered into a contingency fee agreement (the "Agreement"). Doc. No. 15-1 at 2. This "two-tiered" Agreement specified that if Giles won

> at any administrative level through the first
> administrative law judge (ALJ) decision after the date

2

> of th[e] agreement . . . the attorney fee [would] be the lesser of twenty-five percent (25%) of all past-due benefits awarded . . . or the dollar amount established pursuant to 42 U.S.C. § 406(a)(2)(A), which is currently $6,000.

Doc. No. 15-1 at 1. The Agreement further specified that if the first ALJ decision after the date of the Agreement was a denial, Tillinghast appealed, and Giles prevailed, then Tillinghast would "ask [the] SSA to approve a fee no greater than twenty-five percent (25%) of all back benefits awarded . . . ." Doc. No. 15-1 at 1. Finally, if Giles's claim was denied, all administrative remedies were exhausted, and Tillinghast successfully appealed the case to federal court, then the Agreement permitted Tillinghast to "petition the court for fees under the [EAJA]," 28 U.S.C. § 2412. Doc. No. 15-1 at 1. If Giles lost his claim, Tillinghast would be paid nothing. Doc. No. 15-1 at 1. The Agreement makes no provision for fees under Section 406(b), and Tillinghast has provided no other agreements governing contingency fees for his representation of Giles.

Tillinghast represented Giles at an ALJ hearing in July 2016. Tr. at 35. The ALJ issued a decision in November 2016 finding Giles not disabled. Doc. No. 9 at 1. The Appeals Counsel then denied his request for review. Doc. No. 9 at 1. Tillinghast continued to represent Giles by appealing to this court. Compl., Doc. No. 1. In October 2018, I granted Giles's

3

appeal and ordered a remand. Order, Doc. No. 10 at 14. After remand, Giles received a fully favorable decision from the SSA on November 18, 2019. Doc. No. 13 at 1. In its Notice of Award, the SSA informed Giles that he would receive past-due Title II disability benefits in the amount of $118,207. Notice of Award, Doc. No. 13-2 at 2.

Giles and the Commissioner filed a stipulation for a $3,320 payment of attorney's fees under the EAJA, Doc. No. 12, which I granted. On January 15, 2020, Tillinghast petitioned this court for a payment of $38,710 in attorney's fees under 42 U.S.C. § 406(b), an amount equivalent to 25% of Giles's past-due benefits. Doc. No. 13 at 2. In support of his petition, Tillinghast provided an itemized billing statement, which included nine dated line items totaling 31 attorney hours and 1.5 paralegal hours for the case, billed at $300 per hour and $125 per hour, respectively. Doc. No. 13-4 at 2.

The Commissioner filed a response, Doc. No. 14, in which he noted that (1) Tillinghast's fee agreement resembled a fee agreement that this court had previously found to "provide[] no basis for awarding fees under [Section] 406(b)," Mounce v. Colvin, No. 10-cv-560-PB, 2016 WL 4444710, at *1–2 (D.N.H. Aug. 23, 2016); and (2) Tillinghast's reported hours and hourly rates differed substantially from information he had previously

4

reported in correspondence with the SSA, Doc. No. 14-1 at 2-3. The Commissioner attached a billing statement, printed on Tillinghast's firm's letterhead, which included the same nine dated line items but reported lower hourly rates and fewer hours worked for all six of the attorney-billed items. Doc. No. 14-1 at 2-3. The billing statement provided by the Commissioner showed 16 attorney hours and 1.5 paralegal hours, billed at $200 per hour and $80 per hour, respectively. Doc. No. 14-1 at 2-3.

On January 31, 2020, I issued an order directing Tillinghast to reply to the Commissioner's response within fourteen days. Tillinghast filed a reply on February 12, 2020. Doc. No. 15. Without explaining the discrepancy between the two billing statements, Tillinghast amended his petition to state that he and his paralegal had spent 17.5 compensable hours representing Giles in his federal court claims.[2] Doc. No. 15 at 3. He attached a billing statement identical to the one provided by the Commissioner, showing 17.5 total hours worked. Doc. No. 15-4.

---

[2] Tillinghast's reply (Doc. No. 15) does not materially differ from his initial petition (Doc. No. 13), except for the change in reported hours and the addition of two paragraphs, neither of which addresses the earlier reported hours.

5

## II. ANALYSIS

Tillinghast argues that he is entitled to attorney's fees equivalent to 25% of Giles's back benefits. Doc. No. 15 at 2. Although Tillinghast attaches his fee agreement with Giles in support of his petition, his principal claim is that he is entitled to 25% of Giles's back benefits regardless of whether there is an enforceable fee agreement. Doc. No. 15 at 2. For the reasons that follow, I conclude that Tillinghast's fee agreement does not entitle him to attorney's fees for work done before this court, but that he is nevertheless entitled to attorney's fees.

### A. Award of Section 406(b) Fees Under the Fee Agreement

Tillinghast seeks fees under 42 U.S.C. § 406(b), a statute that allows attorneys to recover a portion of a claimant's past-due benefits as compensation for representing the claimant in federal court. Courts may only award fees for work done before the court and may not grant fees for work done before the SSA. See 42 U.S.C. § 406(b)(1)(A); Clark v. Astrue, 529 F.3d 1211, 1215 (9th Cir. 2008) ("[Section] 406(b) empowers courts to award attorney's fees based only on representation before the court."). Where, as is often the case, attorneys enter into fee agreements with claimants, courts generally defer to these

agreements, so long as they are "reasonable."  See Gisbrecht, 535 U.S. at 807-08.

I addressed the application of fee agreements such as Tillinghast's in Mounce v. Colvin.  In that case, I concluded that the plain language of the fee agreement did not permit the attorney to recover attorney's fees for work done before this court.  Mounce, 2016 WL 4444710, at *1-2.  In reaching my conclusion, I noted that the only clause in the fee agreement that permitted the attorney to be compensated for work done before this court dealt with EAJA fees and made no mention of Section 406(b) fees.  Id. at *2.

Tillinghast's agreement with Giles is identical in every relevant way.  As was the case in Mounce, Tillinghast's fee agreement provides for two tiers of recovery at the administrative level: (1) the lesser of 25% of Giles's back benefits and $6,000 if Giles prevailed at any level through the first ALJ decision; and (2) 25% of Giles's back benefits, up to any applicable limit under 42 U.S.C. § 406(a)(2)(A), if Giles prevailed after an appeal.[3]  Doc. No. 15-1 at 1.  Additionally,

---

[3] In his petition, Tillinghast states that "[t]he agency did not authorize approval of a fee to Petitioner from Plaintiff's past due benefits pursuant to 42 U.S.C. § 406(a) ("Section 406(a)"), based upon the administrative fee agreement between Petitioner and Plaintiff, because a prior representative had withdrawn without waiving the right to charge a fee."  Doc. No. 15 at 2.  Tillinghast also states, however, that he "has not filed or

7

just as in Mounce, the only mention in Tillinghast's fee agreement of compensation for work performed before this court is the EAJA clause; the agreement makes no mention of Section 406(b) whatsoever. Doc. No. 15-1 at 1. Tillinghast has not identified any way in which his agreement differs from the agreement in Mounce, and I am likewise able to find none. I conclude, therefore, that the plain language of Tillinghast's fee agreement provides no basis for awarding fees under Section 406(b).

B.  **Award of Fees in the Absence of a Fee Agreement**

Even without an enforceable fee agreement, Tillinghast may still recover fees for his work in this court. See 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation . . . ."); Greenberg v. Colvin, 63 F. Supp. 3d 37, 50 (D.D.C. 2014)

---

sought approval of an administrative fee petition pursuant to 42 U.S.C. § 406(a) and does not intend to do so." Doc. No. 15 at 2. Based purely on these somewhat contradictory statements, I am unable to discern whether the agency denied Tillinghast's request for a Section 406(a) fee under the fee agreement, or whether he never applied for one at all. In either event, however, my analysis does not change because, as I have already noted, I do not have the power to award Section 406(a) attorney's fees for work done at the administrative level. See 42 U.S.C. § 406(b)(1)(A).

8

("The statute . . . does not demand a contingent agreement . . . . [C]ourts have held that fees under [Section] 406(b) may be available where there is no contingency arrangement between the claimant and his counsel."); Sanfilippo v. Comm'r of Soc. Sec., No. 8:04-CV-2079-T-27MSS, 2008 WL 1957836, at *3 (M.D. Fla. May 5, 2008) ("This Court does not agree that Grisbrecht [sic] prohibits a fee award where there is not a contingency fee agreement.").

Neither party has provided an argument for why I should differ from the standard I used in Mounce. In calculating attorney's fees for that case, I employed a "blended" approach, combining the "lodestar" method, whereby courts multiply the number of hours "reasonably devoted to each case" by a "reasonable hourly fee," Gisbrecht, 535 U.S. at 797-98, and the "reasonableness" test that employs the principles described by the Supreme Court in Gisbrecht. I adopt the blended approach here, as well.

Because, as I have noted, there is no enforceable fee agreement here, I begin, as I did in Mounce, by calculating Tillinghast's lodestar as a starting point, and then adjust his fee by applying the Gisbrecht factors. Mounce, 2016 WL 4444710, at *2 (citing Bentley v. Comm'r of Soc. Sec., 524 F. Supp. 2d 921, 925 (W.D. Mich. 2007)). These factors include: (1) the

character of representation; (2) the results achieved; (3) whether the attorney is responsible for a delay and will profit from an accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the amount of time counsel spent on the case. See Gisbrecht, 535 U.S. at 808. Here, Tillinghast spent 16 attorney hours and 1.5 paralegal hours on this case, billed at $200 per hour and $80 per hour, respectively.[4] Doc. No. 15-4 at 1–2. By multiplying Tillinghast's reported hours by their respective rates, his lodestar equals $3,320.

I next apply the Gisbrecht factors to this starting point. Many of these factors support increasing Tillinghast's fee. Tillinghast's work before this court took considerable skill. He had to establish Giles's past disability despite multiple past denials and had to present more than boilerplate arguments. Cf. Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005) (giving weight to representation that shows "effort expended by the attorney demonstrated through pleadings [that]

---

[4] Because Tillinghast appears to have abandoned his earlier reported hours and rates without explanation, I adopt the hours and rates noted on the identical billing statements provided by the Commissioner (Doc. No. 14-1) and attached to Tillinghast's Response and Amended Motion (Doc. No. 15-4).

10

were not boilerplate and through arguments [that] involved both real issues of material fact and required legal research").

Tillinghast's work was also effective. He won Giles nearly six years of back benefits, worth $118,207.00.[5] Doc. No. 15-2 at 2. Because Giles paid no up-front fee, Tillinghast bore the risk that he would not be compensated at all for his work. Doc. No. 15-1 at 1. Finally, there is no indication that Tillinghast engaged in delay tactics in order to increase his total fee. See Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (condemning "dilatory conduct" by attorneys).

Given these factors, an award of $13,280, or four times the lodestar of $3,320, is warranted. This fee represents a rate of over $800 an hour. While this is significantly lower than the $2,212 per hour that Tillinghast seeks, it is significantly higher than his usual hourly rate, and exceeds the hourly rate I approved in Mounce. See Mounce, 2016 WL 4444710, at *3. This award is well within the range of fees endorsed by other courts. See, e.g., Ezekiel v. Astrue, 853 F. Supp. 2d 177, 179 (D. Me. 2012) (awarding $1,225 per hour, or three times the attorney's lodestar); Moriarty v. Astrue, No. 07-cv-342-SM, 2010 WL

---

[5] Giles's success also means that he is entitled to ongoing future disability payments, which courts have highlighted as a reason for approving high attorney's fees. See, e.g., Crawford v. Astrue, 586 F.3d 1142, 1152 (9th Cir. 2009) (en banc).

1342818, at *2 (D.N.H. Apr. 1, 2010) (awarding $438 per hour, or somewhat less than twice the attorney's lodestar); Bentley, 524 F. Supp. 2d at 926 (awarding $200 per hour, a rate equivalent to the attorney's lodestar).[6]

Of course, as Tillinghast has already acknowledged in his petition, Doc. No. 15 at 3, this award of Section 406(b) attorney's fees requires him to "refun[d] to [Giles] the amount of the smaller [EAJA] fee" that he received earlier. Gisbrecht, 535 U.S. at 796 (quoting Pub. L. 99-80, § 3, 99 Stat. 183, 186) (first alteration in original).

---

[6] While Tillinghast identifies cases where higher hourly rates have been awarded (though none even approaching the $2,212 he seeks here), those cases do not change my analysis. The $1,279.56 per hour rate in Weed v. Colvin, for example, was awarded pursuant to a valid Section 406(b) contingency agreement, which is not present here. Weed v. Colvin, No. 2:14-cv-271-JHR, 2016 WL 3919849, at *1 (D. Me. July 15, 2015). The two other opinions upon which Tillinghast relies are out of this circuit, unpublished, and do not appear to be publicly available. He has neither provided adequate citations for me to locate these opinions nor described the opinions' relevant reasoning beyond noting the effective hourly rates of the fees awarded. I am unpersuaded by arguments presented in such a cursory fashion. See J. Cajigas & Assoc., PSC v. Municipality of Aguada, No. 13-1359 (JAF), 2014 WL 320653, at *2 (D.P.R. Jan. 29, 2014) ("Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived.") (citing Medina-Rivera v. MVM, Inc., 713 F.3d 132, 140-41 (1st Cir. 2013) ("developing a sustained argument out of ... legal precedents" is a party's "job") (internal quotation marks omitted).

## III. **CONCLUSION**

I grant Tillinghast's motion (Doc. No. 15) and award attorney's fees in the amount of $13,280 (thirteen thousand two hundred eighty dollars). I direct Tillinghast to remit to Giles his prior EAJA fee of $3,320.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

February 20, 2020

cc: D. Lance Tillinghast, Esq.
    Kevin Parrington, Esq.
    Robert J. Rabuck, Esq.